IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNAH FINNEGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-218-DWD |
| ) | |
| JOHN BALDWIN, ) | |
| MELVIN HINTON, ) | |
| STEVE MEEKS, ) | |
| KELVIN KINK, ) | |
| RUSSELL GOINS, ) | |
| DEEDEE BROOKHARD, ) | |
| DANIEL DOWNEN, ) | |
| THOMAS STUCK, ) | |
| AMY DEEL-HOUT, ) | |
| KELLY HARRIS, ) | |
| LYNDSEY TROTTER, ) | |
| VIPIN SHAH, ) | |
| NURSE HERMICLE, ) | |
| ALAN PASLEY, ) | |
| MIKE FUNK, ) | |
| WEXFORD HEALTH SOURCES, ) | |
| INC., and ) | |
| JOHN DOES 1-11, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Hannah Finnegan, an inmate in the custody of the Illinois Department of Corrections ("IDOC") incarcerated at Lawrence Correctional Center ("Lawrence"), alleges that she was assigned to share a cell with an inmate who was serving a sentence for predatory criminal sexual abuse and who was under investigation for sexually abusing a cellmate. Within hours of her placement in the cell with him, Finnegan's

cellmate sexually assaulted her. After filing suit and before the Court screened her *pro se* complaint pursuant to 28 U.S.C. § 1915A, Finnegan retained counsel who filed an amended complaint on her behalf against employees of IDOC and of Wexford Health Sources, Inc. ("Wexford"). (Doc. 14). The Court's threshold order permitted Finnegan to proceed against all above-listed Defendants except Wexford on an Eighth Amendment claim for exposing Finnegan to a substantial risk of serious injury and for failure to protect and on a state law negligence claim against Defendants Shah, Hermicle, and Wexford. (Doc. 16).

Plaintiff's amended complaint brings claims against an unspecified number of unidentified defendants. By motion dated September 18, 2020, Finnegan, through counsel, moved to file a second amended complaint because she was able to identify one previously unidentified defendant as Robert E. Walker, an IDOC employee who worked in the placement office at Lawrence Correctional Center and who allegedly had responsibility for cell assignments. (Doc. 36). The IDOC defendants responded in opposition, arguing that Plaintiff's claims against Walker should be barred by the applicable statute of limitations. Plaintiff replied to the response asking the Court to grant her motion because the IDOC defendants do not have standing to assert an affirmative defense on behalf of Walker because he has yet to enter an appearance.

Federal Rule of Civil Procedure 15(a) requires that district courts freely grant leave to amend when justice so requires. The undersigned finds Plaintiff's argument well-taken that it is premature for the IDOC defendants to raise an affirmative defense preemptively on behalf of a party who has yet to appear. The Court will address any potential defenses

only after they are raised by the party asserting the defense in an appropriate pleading. Accordingly, Plaintiff's motion for leave to file second amended complaint (Doc. 36) is **GRANTED**. Plaintiff shall file her second amended complaint by November 17, 2020.

**SO ORDERED.**

Dated: November 10, 2020

_____
DAVID W. DUGAN
United States District Judge