UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HANNAH FINNEGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No. 3:20-CV-00218-GCS |
| JOHN BALDWIN, MELVIN | ) | |
| HINTON, STEVE MEEKS, KEVIN | ) | |
| KINK, RUSSELL GOINS, DEEDEE | ) | |
| BROOKHART, DANIEL DOWNEN, | ) | |
| THOMAS STUCK, AMY DEEL- | ) | |
| HOUT, KELLY HARRIS, LYNDSEY | ) | |
| TROTTER, VIPIN SHAH, | ) | |
| HERMICLE, WEXFORD HEALTH | ) | |
| SOURCES, INC., and ALAN PASELY, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Hannah Finnegan, an inmate in the custody of the Illinois Department of

Corrections ("IDOC") at Lawrence Correctional Center ("Lawrence"), first brought suit

against Defendants under 42 U.S.C. § 1983 on February 26, 2020. (Doc. 1). After

preliminary review pursuant to 28 U.S.C. § 1915A, Plaintiff's amended complaint alleges

all defendants exposed her to a substantial risk of serious physical injury and failed to

protect her in violation of the Eighth Amendment. (Doc. 16 & 67). Plaintiff also brings

suit for negligence under state law against Defendants Shah, Hermicle, and Wexford

Health Sources, Inc. (Doc. 16 & 67). In her amended complaint, Plaintiff alleges that, as a

transgender woman undergoing female-to-male transition, IDOC appropriately

classified her as "vulnerable." (Doc. 67, p. 4). Plaintiff was therefore to be given a single-cell assignment. (Doc. 67, p. 5). Instead, Plaintiff was placed in a double-cell with a male prisoner serving a 15-year sentence for predatory criminal sexual abuse; that prisoner was under investigation by IDOC for allegedly abusing a past cellmate. (Doc. 67, p. 6). Plaintiff states that shortly after the assignment, her cellmate sexually assaulted her. *Id.*

Defendants Baldwin, Brookhart, Downen, Funk, Goins, Hinton, Kink, Meeks, Pasley, and Stuck ("Defendants") filed a motion for summary judgment on January 11, 2021, alleging that Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act. (Doc. 87). As exhibits to their memorandum in support of the motion, Defendants included placeholders to add various grievances pertaining to the underlying sexual assault. (Doc. 88, Exh. E & Exh. F). Shortly thereafter and with Plaintiff's consent, Defendants filed a motion to file these exhibits under seal because the exhibits contained "confidential information relating to Plaintiff's medical and mental health diagnoses and treatment." (Doc. 89, p. 2). The grievances in question are as follows:

 i.  08-18-42: grievance pertaining to the underlying assault;

 ii.  08-18-42: grievance pertaining to Plaintiff's placement and status as "vulnerable;"

 iii.  08-18-42: grievance pertaining to the investigation into Plaintiff's assault;

 iv.  08-18-42: grievance pertaining to security and mental health staff's involvement in Plaintiff's placement;

 v.  08-18-43: grievance pertaining to acquiring additional testing for sexually transmitted infections ("STIs") and therapy;

 vi.  08-18-44: grievance requesting Plaintiff have her gender legally changed;

      vii.     08-18-44: grievance pertaining to Plaintiff's "overall experience," conditions, and treatment; and

      viii.    A September 12, 2018 grievance pertaining to Plaintiff's former cellmate's subsequent placement.

(Doc. 89). Defendants' primary argument in support of summary judgment is that Plaintiff did not name or describe Defendants in her grievances sufficiently to exhaust her administrative remedies. *Id*. The memorandum in support of Defendants' motion for summary judgment includes all of Plaintiff's grievances filed during the time applicable to the underlying incident. *Id*.

Because parties moving to seal must justify the claim of secrecy, on January 12, 2021, the Court ordered Defendants to file a supplemental brief analyzing the need for sealing the exhibits despite the exhibits' importance to the issue of exhaustion. (Doc. 92, citing *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Defendants stated that they brought the motion to seal in a show of good faith, in order to protect Plaintiff's health information, and that they intended to defer to Plaintiff for further briefings as to why the exhibits should be sealed. (Doc. 95).

On January 14, 2021, Plaintiff filed a motion to strike exhibits E and F from Defendants' memorandum in support of their motion for summary judgment. (Doc. 93). Plaintiff asserts that she will only rely on four of the seven grievances at issue (collectively, "08-18-42"); therefore, the remaining grievances are irrelevant. (Doc. 93). If the Court strikes Defendants' exhibits, Plaintiff states that she will file the relevant grievances, which do not need to be sealed. (Doc. 93, p. 3). In the alternative, Plaintiff requests that specific pages of exhibits E and F be sealed: pages Bates stamped 47, 125-

132, and 138-145 of exhibit E; and pages Bates stamped 433-444 and 474-477 of exhibit F. (Doc. 93, p. 4). Defendants have no objection to filing these pages under seal. (Doc. 95, p. 3).

The Court now considers Defendants' motion to seal (Doc. 89) and Plaintiff's motion to strike. (Doc. 95). For the reasons delineated below, both motions are **DENIED.**

The Court may strike an insufficient defense or any redundant, immaterial, impertinent or scandalous material from a pleading, either *sua sponte* or by motion. *See* FED. R. CIV. PROC. 12(f). Rule 12 is intended to avoid unnecessary expenditures of time and money by removing material irrelevant to the matter of controversy. *See Miller v. PAM Transport Inc.*, No. 19-cv-242-JPG-GCS, 2019 WL 4962954, at *2 (S.D. Ill. Oct. 8, 2019) (internal citations omitted). However, motions to strike are generally disfavored. *Id.* A moving party must therefore show prejudice in order to succeed on a motion to strike. *Id.* (internal citations omitted). The Court should grant a motion to strike when the material at issue bears no logical relation or connection to the subject matter of the controversy and causes significant prejudice to one or more of the parties. *Id.* (internal citations omitted); *see also Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665-666 (7th Cir. 1992).

Motions to seal are similarly disfavored. *See In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010). Materials the parties submit to influence judicial opinion are presumptively open to inspection. *See Baxter Int'l*, 297 F.3d at 545. This presumption supports public confidence in the judiciary by enabling oversight and facilitating the understanding of judicial decisions. *See Gonzales v. Home Nursery Inc.*, No. 14-cv-1140-MJR-DGW, 2016 WL

6705447, at *1 (S.D. Ill. Sept. 22, 2016)(citing *Goessel v. Boley Int'l, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013)). Accordingly, these materials are to be made public to the maximum extent consistent with respect for trade secrets, the identities of under cover agents, and "other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). This public interest does not always trump the property and privacy interests of the litigants; however, it can be overridden only if the latter interests predominate in the particular case. *See Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Such a showing requires demonstrating good cause for sealing a part or the whole of the record in the case. *Id.* (internal citations omitted). "Even in cases involving substantial countervailing privacy interests such as state secrets, trade secrets, and attorney-client privilege, courts have opted for redacting instead of sealing the order or opinion." *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020).

Plaintiff alleges that grievance v, vi, vii, and viii contain Plaintiff's private medical information and that the grievances are not pertinent to the exhaustion of her administrative remedies, as she will not defend against the motion for summary judgment by relying on those grievances. (Doc. 93, p. 3). In response, Defendants state that the grievances are those pertinent to the alleged assault. (Doc. 95, p. 3).

It is clear that each grievance bears a logical relation and connection to the issue of the exhaustion of administrative remedies. Each grievance contains information necessary to evaluate to what extent Plaintiff gave the prison the opportunity to address

her claims internally prior to litigation. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006)(outlining the purpose of the exhaustion requirement). Furthermore, although Plaintiff has pointed out that the grievances contain her private medical information, she has not demonstrated substantial prejudice. *Cf. Talbot*, 961 F.2d at 666 (finding substantial prejudice when one party accused the other of intentionally causing a salmonella outbreak without any underlying factual support). While medical information may be sensitive, it is nevertheless in issue and central to this case. Accordingly, the motion to strike is denied.

Though the motion to seal requests sealing all of exhibits E and F, both Plaintiff and Defendant agree that the 08-18-42 grievances do not require sealing. (Doc. 93, p. 3). Furthermore, Plaintiff and Defendant also agree that pages to be sealed within exhibits E and F are limited to those Bates stamped 47, 125-132, and 138-145 in Exhibit E; and Bates stamped 433-444 and 474-477 in Exhibit F. (Doc. 93 & 95). However, Plaintiff's only contention in support of sealing these documents is that they contain Plaintiff's medical information.

Courts sympathize with those who feel their medical information should not be published simply because they chose to avail themselves of the right of judicial review. *See Mitze*, 968 F.3d at 692. However, "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). At the very least, such plaintiffs should expect the medical basis for the claim will be made public. *Id.* (rejecting a motion to seal in a social security case). Though Plaintiff's medical

information is private, this private interest, without more, is insufficient to outweigh the public's interest in transparent judicial proceedings. Accordingly, the motion to seal is also denied.

## CONCLUSION

For the above-stated reasons, Defendants' motion to seal (Doc. 89) and Plaintiff's motion to strike (Doc. 93) are denied.

**IT IS SO ORDERED.**

Dated: February 2, 2021.

Digitally signed
by Judge Sison 2
Date: 2021.02.02
16:34:56 -06'00'

_____
GILBERT C. SISON
United States Magistrate Judge