UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNAH FINNEGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:20-cv-00218-GCS |
| JOHN BALDWIN, KEVIN KINK, | ) |
| RUSSELL GOINS, DEEDEE | ) |
| BROOKHART, DANIEL DOWNEN, | ) |
| THOMAS STUCK, AMY DEEL- | ) |
| HOUT, KELLY HARRIS, LYNDSEY | ) |
| TROTTER, MIKE FUNK, WEXFORD | ) |
| HEALTH SOURCES, INC., ROBERT | ) |
| WALKER, BRANDON DEWESSE, | ) |
| and ALAN PASLEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

On February 26, 2020, Plaintiff Hannah Finnegan, an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Lawrence Correctional Center ("Lawrence"), brought suit against Defendants under 42 U.S.C. § 1983. (Doc. 1). After preliminary review pursuant to 28 U.S.C. § 1915A, the amended complaint alleges that Defendants Baldwin, Kink, Goins, Brookhart, Downen, Stuck, Deel-Hout, Harris, Trotter, Funk, Walker, Dewesse, and Pasley (the "individually-named defendants") exposed Plaintiff to a substantial risk of serious physical injury and failed to protect Plaintiff in violation of the Eighth Amendment. (Doc. 133). Plaintiff also brings suit for negligence under state law against Defendant Wexford Health Sources, Inc. *Id.* The amended

complaint alleges that, as a transgender woman undergoing female-to-male transition, the IDOC appropriately classified Plaintiff as "vulnerable." *Id.* at p. 4-5. Plaintiff was therefore to be given a single-cell assignment. *Id.* at p. 5. Instead, Plaintiff was placed in a double-cell with a male prisoner, non-party Mr. Justin Colapietro, who is currently serving a 15-year sentence for predatory criminal sexual abuse. *Id.* Mr. Colapietro was also under investigation by the IDOC for allegedly abusing a past cellmate. *Id.* Shortly after the assignment, the cellmate sexually assaulted Plaintiff. *Id*. at p. 6.

On March 18, 2022, the parties submitted to the Court a joint statement regarding a discovery dispute concerning Mr. Colapietro's deposition. (Doc. 160). The parties explain that Mr. Colapietro appeared for his deposition on February 24, 2022; however, he refused to answer questions without counsel present. *Id*. Instead, Mr. Colapietro explained that he would assert his Fifth Amendment privilege against self-incrimination in response to questions posed to him. *Id*. at p. 2. When discussing the matter, Defendants indicated that they were undecided as to whether they would still call Mr. Colapietro at trial. *Id*. Plaintiff's counsel explained that they wanted to avoid being "blind-sided" by potential testimony at trial. *Id*. In order to reach a compromise and avoid forcing Mr. Colapietro to incriminate himself, the parties requested that Mr. Colapietro be assigned counsel during the deposition. *Id*. at p. 2-3. That request is **GRANTED.**

The Court has jurisdiction over the issuance of subpoenas for depositions to non-parties under Federal Rule of Civil Procedure 45. *See Adelphia Recovery Trust v. Bank of America, P.A.*, No. 4:09-MC-00139, 2009 WL 4268982, at *2 (M.D. Pa. Nov. 24, 2009). This jurisdiction also includes the ability to assign an attorney to the non-party claiming

potential self-incrimination if the circumstances warrant such an assignment. *Id.* at *4-5. (holding that assigning an attorney to a non-party for a deposition was unwarranted at that time due to an expedited briefing schedule). *See also Rigas v. Deloitte & Touche, LLP*, No. 14:4-mc-0097, 2014 WL 957395, at *4 n.4 (M.D. Pa. Mar. 12, 2014)(declining to compel testimony as the circumstances instead supported an *in camera* review of potential deposition questions). In addition to Rule 45, 28 U.S.C. § 1915(e)(1) supports the Court's ability to assign counsel to a non-party. *See Porter v. Louisville Jefferson County Metro Government*, CIVIL ACTION NO. 3:12-CV-829-CRS, 2016 WL 247580, at *1 (W.D. Ky. Jan. 20, 2016). The wording of Section 1915 provides that a court may request an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The wording "any person" indicates that the statute does not limit the power to assign counsel solely to parties to litigation. *See Strong v. Wisconsin*, No. 07-cv-86-bbc, 2008 WL 4280393, at *1 (W.D. Wisc. Feb. 28, 2008). When considering whether the circumstances warrant assignment of counsel for a non-party, the Court considers whether that non-party has requested counsel or can afford to pay for counsel. S*ee Porter*, 2016 WL 247580, at *1. *Cf. Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, the Court will also consider whether exceptional circumstances and the just and efficient resolution of a case independently compel the assignment of counsel. *See Porter,* 2016 WL 247580, at *3.

The Court finds that exceptional circumstances and the just and efficient resolution of this case compel the assignment of counsel for Mr. Colapietro. Depositions are a particularly important tool for plaintiffs attempting to prove defendants' state-of-mind in a case involving deliberate indifference to a known security threat because depositions

allow plaintiffs to evaluate the extent of a defendant's knowledge or whether a witness had told the defendant about the risk. *See, e.g.*, *Heilman v. Burke*, No. 18-cv-3260, 2020 WL 4816387, at *1 (C.D. Ill. Aug. 19, 2020)(finding that a plaintiff alleging the defendants had deliberately disregarded a recognized risk of celling him with a known sexual predator had good cause to conduct additional depositions of defendants and witnesses). Accordingly, Mr. Colapietro's deposition may shine a vital light on the defendants' state-of-mind in this case. Furthermore, Mr. Colapietro's Fifth Amendment concerns raise exceptional circumstances justifying the assignment of counsel. *See Porter*, 2016 WL 247580, at *2. *See also Boda v. Phelan*, No. 11-cv-00028 (KAM), 2012 WL 3241213, at *6 (E.D. N.Y. Aug. 6, 2012)(appointing counsel for a non-party minor because the non-party asserted the Fifth Amendment privilege against self-incrimination during a deposition). The Court therefore finds that the circumstances warrant assigning Mr. Colapietro counsel in this case.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Daniel L. Futz** of Brown, Hay, and Stephens, is **ASSIGNED** to represent Mr. Justin Colapietro during his depositions. On or before **May 16, 2022** assigned counsel shall enter an appearance in this case. Attorney Futz is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Mr. Colapietro, explaining that an associate may also be working on the case.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 133 and 160 to Attorney Futz. The electronic case file is available through the CM-ECF system. Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is

representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Mr. Colapietro's contact information is:

**Justin Colapietro**
**M13816**
**Pinckneyville Correctional Center**
**5835 State Route 154**
**P.O. Box 999**
**Pinckneyville, IL 62274**

**IT IS SO ORDERED.**

**DATED: May 5, 2022.**

Digitally signed by Judge Sison 2
Date: 2022.05.05 14:40:38 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**