UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNAH FINNEGAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 3:20-cv-00218-GCS |
| JOHN BALDWIN, KEVIN KINK, | ) |
| RUSSELL GOINS, DEEDEE | ) |
| BROOKHART, DANIEL DOWNEN, | ) |
| THOMAS STUCK, AMY DEEL- | ) |
| HOUT, KELLY HARRIS, LYNDSEY | ) |
| TROTTER, MIKE FUNK, WEXFORD | ) |
| HEALTH SOURCES, INC., ROBERT | ) |
| WALKER, BRANDON DEWESSE, | ) |
| and ALAN PASLEY, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

**INTRODUCTION AND BACKGROUND**

Plaintiff Hannah Finnegan, an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Lawrence Correctional Center ("Lawrence"), brought suit against the Defendants under 42 U.S.C. § 1983 on February 26, 2020. (Doc. 1). Plaintiff alleges that Defendants Baldwin, Kink, Goins, Brookhart, Downen, Stuck, Deel-Hout, Harris, Trotter, Funk, Walker, DeWesse, and Pasley (the "individually-named defendants") exposed Plaintiff to a substantial risk of serious physical injury and failed to protect Plaintiff in violation of the Eighth Amendment. (Doc. 133). The individually-

named defendants are each IDOC employees. Plaintiff also brings suit for negligence under state law against Defendant Wexford Health Sources, Inc. *Id.*

Plaintiff alleges that, as a transgender woman undergoing female-to-male transition, the IDOC appropriately classified her as "vulnerable." (Doc. 133, p. 4-5). Plaintiff was therefore to be given a single-cell assignment. *Id.* at p. 5. Instead, Plaintiff was placed in a double-cell with a male prisoner, non-party Justin Colapietro, who is currently serving a 15-year sentence for predatory criminal sexual abuse. *Id.* Mr. Colapietro was under investigation by the IDOC at that time for allegedly abusing a past cellmate. *Id.* Shortly after the assignment, Mr. Colapietro sexually assaulted Plaintiff. *Id.* at p. 6.

On January 20, 2022, the parties submitted a joint dispute statement to the Court regarding disciplinary records contained in Defendant Walker's personnel file. Plaintiff served the IDOC with a subpoena requesting Defendant Walker's disciplinary records, including investigations into allegations of misconduct by Defendant Walker. However, the IDOC claims that these documents are both irrelevant and presumptively confidential, rendering them protected from the discovery process. The Court held a hearing on this dispute on January 26, 2022. (Doc. 158). Shortly thereafter, the IDOC submitted Defendant Walker's disciplinary file for *in camera* review. After reviewing the records, the Court finds that Plaintiff's request for the documents should be **GRANTED in part and DENIED in part.**

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, parties may obtain discovery into any non-privileged matter relevant to a party's claim or defense so long as that discovery is proportional to the needs of the case. *See Pegues v. Coe*, No. 3:16-CV-00239-SMY-RJD, 2017 WL 4922198, at *1 (S.D. Ill. Oct. 31, 2017)(citing FED. R. CIV. PROC. 26(1)). The purpose of discovery is to provide a mechanism for making relevant information available to litigants. *See* FED. R. CIV. PROC. 26 advisory committee note to 1980 amendment. Accordingly, the relevancy requirement is to be broadly construed to include matters "that bear on, or that could reasonably lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal citation omitted); *see also* FED. R. CIV. PROC. advisory committee note to 1946 amendment. Nevertheless, the relevancy requirement should be firmly applied, and a district court should not neglect its power to restrict discovery when necessary. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320 (7th Cir. 2003); *Stephenson v. Florilli Transportation, LLC*, No. 3:18-cv-0103-NJR-DGW, 2018 WL 4699863, at *1 (S.D. Ill. Oct. 1, 2018).

## ANALYSIS

The IDOC raised two arguments against providing Defendant Walker's disciplinary file when responding to Plaintiff's request for production: (i) the file is irrelevant because the violation of IDOC internal regulations does not mean that Defendant Walker also violated the Eighth Amendment; and (ii) Defendant Walker has a significant privacy interest in his disciplinary records, making the file presumptively

confidential. The IDOC also reiterated these concerns during the hearing on this dispute. However, the Court finds that portions of Defendant Walker's disciplinary file either are relevant or may lead to the discovery of relevant evidence. Specifically, the Court finds that the portions of the file related to a May 22, 2019 disciplinary incident (the "May 2019 incident"); those related to a June 21, 2018 disciplinary incident (the "June 2018 incident"); and those related to a September 8, 2015 disciplinary incident (the "September 2015 incident") are relevant or likely to lead to the discovery of relevant evidence, and are therefore discoverable. Moreover, though Defendant Walker has a privacy interest in his disciplinary records, that interest is outweighed by the potential relevancy of these documents at this stage of the proceedings. However, the remainder of the disciplinary file is neither relevant nor likely to lead to the discovery of relevant information and thus should be protected from discovery.

I. **The relevance of documents regarding the May 2019 incident, the June 2018 incident, and the September 2015 incident**

Defendant Walker's disciplinary file includes documents outlining an investigation into Defendant Walker's treatment of a disabled inmate on May 22, 2019. The incident concerns Defendant Walker's treatment of an inmate which came about as a result of an order given by one of his superiors. The incident also involved his description of the event during a subsequent investigation into what happened. As this incident could bear on Defendant Walker's credibility, the Court finds it is relevant and reasonably calculated to lead to the discovery of other relevant evidence.

Defendant Walker's personnel file also contains documents relating to a June 21, 2018 incident regarding the housing of a sexually vulnerable inmate. This incident is directly related to the facts of the case, making it both relevant and reasonably calculated to lead to the discovery of other relevant evidence.

Lastly, Defendant Walker's personnel file also includes documents pertaining to an incident on September 8, 2015, in which an inmate was allowed out of his cell. This incident pertains broadly to housing decisions made by Defendant Walker. The Court therefore finds it is relevant and reasonably calculated to lead to the discovery of other relevant evidence.

The IDOC advanced two rationales for finding Defendant Walker's disciplinary file irrelevant: (i) the Seventh Circuit has established that evidence of a defendant's violation of an internal regulation does not constitute evidence of that same defendant's constitutional violations under *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006); and (ii) Federal Rule of Evidence 404(b) prohibits the use of "other bad acts" to establish that a defendant acted in conformity therewith on the occasion at issue; because Plaintiff is likely to use Defendant Walker's disciplinary record for that purpose, it is irrelevant. However, both of these arguments conflate evidentiary standards for trials with the more relaxed standards governing discovery. *See Oppenheimer Fund, Inc.*, 437 U.S. at 351. Because the documents outlining the three aforementioned disciplinary actions may lead to the discovery of relevant evidence concerning Defendant Walker's state-of-mind and

knowledge of whether Mr. Colapietro posed a serious risk to Plaintiff, the three incidents are discoverable.

### a. The Applicability of *Thompson v. Chicago*

In *Thompson*, the Seventh Circuit considered an order granting the defendant police officer's motion *in limine* to bar evidence of the officer's disciplinary record showing a history of violations including the failure to follow orders, practices, and policies of the department. 472 F.3d at 446. The plaintiffs brought this case on behalf of a decedent who had died when the defendant performed an illegal chokehold on him; they claimed that the defendant had violated the Fourth and Fourteenth Amendments' prohibitions on excessive force when doing so. *Id*. at 445. When considering the relevance of the defendant's past violations of department policy, the Seventh Circuit noted that a claim regarding excessive force requires a plaintiff to show that a defendant's actions were not objectively reasonable under the circumstances at the time of the incident. *Id*. at 454. The standard of objective reasonableness with the caveat of consideration of the individual circumstances of the incident negated the relevance of prior infractions – because a jury must consider the reasonableness of the force used in light of the specific circumstances of the case, a history of prior infractions was exceptionally prejudicial and irrelevant. *Id*. at 453. The plaintiffs in this case bore the burden of proving that the defendant had violated the decedent's constitutional rights; whether or not the defendant also violated an internal policy thus had no bearing on the central issue of the case. *Id*. at 454 (internal citations omitted). *Cf. Williams v. Haure*, No. 21-1952, 2022 WL 1056085, at *3

(7th Cir. Apr. 8, 2022)(noting that a defendant's non-compliance with local use-of-force statutes does not establish a constitutional violation); *Ingram v. Campbell*, Case No. 3:19-cv-0323-GCS, 2020 WL 4219957, at *3 (S.D. Ill. July 23, 2020)(holding that a claim predicated solely on the violation of a prison's administrative code will fail for lack of evidence of a constitutional violation).

The IDOC relies on this case in order to assert that Defendant Walker's disciplinary file is irrelevant. However, *Thompson* is inapplicable to this discovery dispute because: (i) it concerned the admission of evidence at trial, rather than the discovery of potential relevant evidence under Rule 26; and (ii) the Seventh Circuit has clarified that *Thompson* does not extend to claims that a defendant violated the Eighth Amendment.

The Seventh Circuit in *Thompson* reviewed a motion *in limine*, in which the defendant requested the Court bar information pertaining to his disciplinary history from trial. The Seventh Circuit therefore reviewed the application of Federal Rule of Evidence 403. Under Rule 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. However, at this stage of the proceedings, the probative value of Defendant Walker's disciplinary file has yet to be ascertained. As such, an assessment regarding the danger of unfair prejudice cannot yet be made.

Federal Rule of Civil Procedure 26, on the other hand, is much more lenient when describing the standard for the discovery of evidence. Rule 26 permits the discovery of any "nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R.

CIV. PROC. 26(b)(1). Relevance has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc.*, 437 U.S. at 351 (internal citation omitted). Thus, to be discoverable the evidence must either be relevant or likely to lead to the discovery of relevant evidence. Rule 26 furthermore states that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. PROC. 26(b)(1). As such, the Defendant's reliance on *Thompson*, which concerned an evidentiary ruling made by the trial court, is misplaced, and the Court declines to comment on whether such evidence would be admissible at this time.

Furthermore, the Seventh Circuit clarified that the holding in *Thompson* is unique to cases brought under the Fourth and Fourteenth Amendments, as those cases implicate the objective reasonableness standard. There is no *per se* rule against the admission of evidence regarding a defendant's compliance or non-compliance with applicable policies, regulations, or training. *See United States v. Prano*, 912 F.3d 431, 439 (7th Cir. 2019). Cases involving deliberate indifference to a known substantial risk to a plaintiff's safety, such as the present case, implicate different standards. As such, what constitutes discoverable and admissible evidence will be different than in a Fourth and Fourteenth Amendment case.

In an Eighth Amendment case regarding an attack by another inmate, the plaintiff must show that the defendants were deliberately indifferent to the threat of the attack. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1970). Deliberate indifference implicates a

sufficiently culpable state of mind, in which the defendants had actual knowledge of a substantial risk of serious harm. *See Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). A plaintiff may demonstrate that state of mind through circumstantial evidence indicating that the defendant failed to act despite knowledge of the potential harm. *Id.* Accordingly, even when considering the standards involved with the admissibility of evidence at trial, the Seventh Circuit has found that the violation of a prison's rules can be a relevant indicator of a defendant's state of mind during the incident at issue. *See Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009). *See also Mause v. Greening*, No. 09-c-42, 2012 WL 4903326, at *2 (E.D. Wisc. Oct. 15, 2012)(finding that the standards of proof for an Eighth Amendment claim implicate a different analysis for the admissibility of evidence than in *Thompson*).

Defendant Walker's disciplinary file contains documents related to three incidents which may either independently indicate his state of mind, or may lead to the discovery of other relevant evidence indicating his state of mind during the incident at issue: the May 2019 incident; the June 2018 incident; and the September 2015 incident. The documents pertaining to these incidents are therefore discoverable.

   b. **The Applicability of Federal Rule of Evidence 404(b)**

Federal Rule of Evidence 404(b)(1) establishes that evidence of a defendant's crimes, wrongs, or other "bad acts" cannot be used to prove that defendant's character via propensity to act in conformity therewith. However, Rule 404(b)(2) outlines certain circumstances in which the use of such evidence may be permissible, such as when

"proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." It is far too early to determine for what purpose, if at all, Plaintiff will offer this evidence at trial. Moreover, discovery offers a significantly lesser burden than admissibility. As the evidence at issue may lead to the discovery of other relevant evidence, whether Defendant Walker's disciplinary file is, itself, improper character evidence is immaterial to its discovery. *See DeLeon-Reyes v. Guevara*, Case No. 1:18-cv-01028, 2020 WL 1429521, at *4 (N.D. Ill. Mar. 18, 2020). *See also Smith v. Portwood*, Case No. 19 C 5329, 2021 WL 4318076, at *3 (N.D. Ill. Sept. 23, 2021)(finding personnel records discoverable because such records may lead to the discovery of additional relevant evidence and because the evidence itself may be used at trial under Rule 404(b)(2) and for impeachment purposes) (internal citations omitted). Rule 404(b)(1) is therefore inapplicable as to whether certain portions of Defendant Walker's disciplinary record are discoverable. The Court therefore determines that the portions of Defendant Walker's disciplinary file concerning the May 2019 incident, the June 2018 incident, and the September 2015 incident are discoverable for their relevance and their likelihood to lead to the discovery of relevant evidence.

**II.     Defendant Walker's privacy interest in his personnel file**

In its response to Plaintiff's subpoena, the IDOC relies on *Sokn v. Fieldcrest Community School District* to explain that disciplinary records are presumptively confidential absent a finding of relevance. No. 10-1122, 2013 WL 84702, at *6 (C.D. Ill. Jan. 7, 2013). However, both in the response to Plaintiff's subpoena and during the hearing on

this issue, the IDOC provided little explanation of the contours of that privilege. *Sokn* concerned a plaintiff seeking records of school board meetings in which board members discussed her disciplinary record. *Id.* at *1. The Court found that information concerning government employees' disciplinary records are presumptively confidential absent a finding of relevance, though it did not elaborate on why that is so. *Id.* at *5-6. In so finding, the Court relied on *Beck v. the Department of Justice*, 997 F.2d 1489, 1493 (D.C. Cir. 1993).

In *Beck*, the D.C. Circuit considered whether a government employee's personnel file should be released pursuant to the Freedom of Information Act ("FOIA"). The Court noted that the underlying rationale for release under FOIA was so that the public could evaluate evidence of the government agency's potential wrong-doing; however, the particular records of an individual government employee were not relevant to that consideration. *Id.* at 1493. The Court therefore proceeded to weigh the relevance of the requested documents against the employee's interest in preventing the public from knowing whether or not he had been investigated for potential infractions. *Id.* at 1494. Because the relevance of the documents was miniscule, the employee's potential privacy interest outweighed the public's need for the documents under FOIA. *Id.*

Although FOIA and the Rules of Civil Procedure outline slightly different methods for obtaining information, and although FOIA and the Rules of Civil Procedure differ on to whom that information is provided, "FOIA exemptions and discovery privileges do have some overlap." *See Culinary Foods, Inc. v. Raychem Corp.*, 150 F.R.D. 122, 125 (N.D. Ill. 1993). Generally, information available under FOIA is available through

discovery; however, information *unavailable* through FOIA is not necessarily *unavailable* through discovery. *Id*. (emphasis added). *See also American Civil Liberties Union v. Brown*, 609 F.2d 277, 280 n.1 (7th Cir. 1979)(stating that it "is not hereby suggested, of course, that only items to be disclosed under the FOIA are civilly discoverable"). Parties seeking information through FOIA requests face a more difficult burden. While courts consider a litigant's need for the requested information as an essential factor in civil discovery, this consideration is not relevant to a FOIA request. *See Culinary Foods*, 150 F.R.D. at 125-126. It therefore stands to reason that the burden on the party seeking information in civil discovery to prove relevance in comparison to the opposing party's interest in privacy is lower than a party seeking that same information under FOIA. The reasoning on which the *Sokn* court relied to find personnel records presumptively confidential is therefore not applicable to this case.

Even if the reasoning of the *Sokn* court were applicable to this case, Plaintiff has demonstrated the relevance of Defendant Walker's disciplinary file. Furthermore, Plaintiff's need for this information is significant. Plaintiff must provide evidence of Defendant Walker's state of mind and actual knowledge in order to succeed at trial. The only way to establish this is to take Defendant Walker's deposition and confront him with the relevant aspects of his disciplinary file which could bear on this issue. On the other side of this analysis, the Court has granted the parties various protective orders which additionally lower the weight of Defendant Walker's privacy interest when weighed against Plaintiff's need for the information. *See* (Doc. 69; Doc. 154; Doc. 156). The

protective order entered at Doc. 154 specifically provides the parties protection regarding the disclosure of IDOC investigative materials, and such materials are listed as "Attorneys' Eyes Only." This reduces the likelihood that these documents will be released to the general public. Accordingly, even if the disciplinary records are presumptively confidential, Plaintiff has overcome that presumption, and Plaintiff may discover the portions of Defendant Walker's disciplinary file relating to the May 2019 incident, June 2018 incident, and September 2015 incident.

Although *Sokn* does not provide a basis for finding that Defendant Walker's entire disciplinary record is presumptively confidential, courts in the Seventh Circuit have consistently held that personally identifying information of the defendant, witnesses, or other actors within the disciplinary records is confidential. *See Estate of Logan v. City of South Bend*, Case No. 3:19-cv-495-DRL-MGG, 2021 WL 4334876, at *4 (N.D. Ind. Sept. 23, 2021) (internal citations omitted). Such information includes birthdates, social security numbers, or other information upon which the public could identify the person at issue. *Id.* Accordingly, the Court grants the IDOC leave to redact such information prior to turning over the relevant portions of Defendant Walker's disciplinary file.

## Conclusion

For the above-stated reasons, Plaintiff's request for Defendant Walker's disciplinary record is **GRANTED in part and DENIED in part**. The request is granted as to documents within the file concerning May 22, 2019; June 21, 2018; and September 8, 2015 disciplinary incidents. It is denied as to all other records of disciplinary actions

and investigations in the file. Furthermore, the Court permits the IDOC to redact personally identifying information from the file prior to turning over the documents.

**IT IS SO ORDERED.**

**DATED: May 12, 2022.**

Digitally signed by Judge Sison 2
Date: 2022.05.12 11:37:40 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**